UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DEBBIE S. SCHORK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:10-cv-00005-RLY-WGH |
| | ) | |
| BAXTER HEALTHCARE CORPORATION, | ) | |
|     Defendant. | ) | |

**ENTRY ON BAXTER HEALTHCARE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Baxter Healthcare Corporation ("Baxter"), manufactures and sells promethazine HCL, a generic version of Phenergan. Plaintiff, Debbie S. Schork ("Plaintiff"), was administered a promethazine HCL injection, allegedly manufactured by Baxter, through an IV that was placed in her artery as opposed to her vein. As a result, Plaintiff suffered injuries that ultimately required a partial amputation of her right arm. Plaintiff brought this lawsuit, alleging that her injuries were a direct result of the defective and unreasonably dangerous condition of the promethazine HCL injection administered to her and Baxter's negligence in the manufacture and sale of its promethazine HCL product. Baxter moves for summary judgment as to Plaintiff's claims. For the reasons set forth below, the court **GRANTS** Baxter's motion.

**I.     Facts**

1. Baxter manufactures a promethazine HCL injection, a generic product for which the reference drug is Phenergan. (Baxter's Ex. C, Declaration of John Kalis

1

("Kalis Decl.") at ¶ 3).

2. As of December 28, 2007, promethazine HCL injections were manufactured by several other companies, including, *inter alia*, Hospira, Bioniche (now Mylan), Sicor (now Teva), and Watson. (*Id.* at ¶ 5).

3. On December 28, 2007, Plaintiff went to the emergency room at St. Catherine Regional Hospital ("St. Catherine") in Charleston, Indiana, with symptoms of vomiting, pain in her stomach, and dehydration related to her history of Crohn's disease. (Plaintiff's Ex. 1, Deposition of Debbie S. Schork ("Plaintiff Dep.") at 22:10-17; 42:19-43:7; 44:7-10).

4. Dr. Sesame Dijeng was assigned to Plaintiff in the emergency room on the night of December 28, 2007, and ordered her to be treated with IV fluids, as well as IV administered Morphine, Phenergan, and Solumedrol. (Plaintiff's Ex. 2, Deposition of Dr. Sesame Dijeng ("Dr. Dijeng Dep.") at 32:7-25; 33:20-25).

5. Tammy Wynn ("Nurse Wynn"), a nurse at St. Catherine, triaged Plaintiff and started her IV, inserting it into the antecubital space of her right arm. (Plaintiff's Ex. 3, Deposition of Tammy Wynn ("Wynn Dep.") at 44:1-22).

6. Nurse Wynn then administered 12.5 milligrams of promethazine HCL as prescribed by Dr. Dijeng via IV push to Plaintiff. (*Id.* at 32:16-20; Dr. Dijeng Dep. at 55:15-19).

7. Plaintiff complained of pain in her arm at the time of the promethazine HCL injection. (Baxter's Ex. A (Deposition of Plaintiff ("Baxter's Plaintiff Dep.") at

52:4-24).

8. After returning from the x-ray department, Plaintiff told her fiancé how much her arm was hurting, and her fiancé went to get Dr. Dijeng. (Baxter's Plaintiff Dep. at 54:20-55:6).

9. Dr. Dijeng examined Plaintiff's arm and concluded that the IV was put in Plaintiff's artery rather than her vein. (Baxter's Ex. B, Deposition of Dr. Sesame Dijeng ("Baxter's Dr. Dijeng Dep.") at 37:11-25).

10. Dr. Dijeng suspected vascular injury to Plaintiff's artery and ordered that Plaintiff be transferred to the University of Louisville where there would be access to a vascular surgeon. (Baxter's Dr. Dijeng Dep. at 42:11-18).

11. The doctors at the University of Louisville were unable to salvage Plaintiff's right arm, which ultimately was amputated just below the elbow. (Plaintiff Dep. at 65:18-68:25).

12. Nurse Wynn and Dr. Dijeng do not know the identity of the manufacturer of the promethazine HCL injection administered to Plaintiff on December 28, 2007. (Baxter's Ex. E, Deposition of Tammy Wynn ("Baxter's Wynn Dep.") at 6:6-8; Baxter's Dr. Dijeng Dep. at 12:1-4).

13. William Pate ("Mr. Pate") is currently the Director of Pharmacy at St. Catherine, but did not hold that position on December 28, 2007. (Plaintiff's Ex. 5, Deposition of William Pate ("Pate Dep.") at 7:13-8:11). He also does not know the identity of the manufacturer of the promethazine HCL injection administered to Plaintiff on

December 28, 2007.  (Baxter's Ex. D, Deposition of William Pate ("Baxter's Pate Dep.") at 18:1-8).

14. The charge code for the promethazine HCL injection that appears on Plaintiff's invoice of charges for her treatment at St. Catherine on December 28, 2007, represents the corresponding NDC code as of December 20, 2010, for Baxter Pharmaceuticals' promethazine HCL 25 milligram per mil ampule box of 25 injections.  (Baxter's Ex. G, Deposition of William Pate (Vol. I) ("Pate Dep. Vol. 1") at 31:14-32:13; Baxter's Ex. H, Deposition of William Pate (Vol. II) ("Pate Dep. Vol. 2") at 47:4-48:15, p. 15).

15. While Mr. Pate has no evidence that the corresponding NDC code for the charge code that appeared on Plaintiff's invoice changed from the time Plaintiff was treated and December 20, 2010, he does not know with absolute certainty that the codes were the same at the time Plaintiff was treated. (Pate Dep. Vol. II at 49:16-21; 52:18-23).

16. Mr. Pate says "there would be some speculation involved in" whether the NDC code and charge code in December 2010 match the NDC code and charge code in December 2007.  (Pate Dep. Vol. II at 54:3-16).

17. As of February 9, 2011, St. Catherine used two manufacturers of promethazine HCL injections, Westward and Baxter; however, Mr. Pate does not know how many manufacturers St. Catherine used in 2007.  (*Id.* at 58:7-24).

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  When ruling on a motion for summary judgment, the court must "view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  Even so, the court's favor toward the non-moving party "does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (internal quotations omitted).

## III. Discussion

Plaintiff alleges that Baxter manufactured the promethazine HCL injection that was administered to Plaintiff on December 28, 2007, at St. Catherine, and that Baxter did not adequately warn the prescribing physician of the risks associated with IV administration of the product.  According to Plaintiff, Baxter's failure to adequately warn of the risks of such administration caused Plaintiff's injury.  Baxter first contends that Plaintiff cannot prove the threshold requirement that Baxter manufactured the promethazine HCL injection that Plaintiff received.  Furthermore, Baxter contends that even if it did manufacture the injection in question, Plaintiff's claims are preempted by federal law.

Although an issue of fact exists regarding the manufacturer of the injury-causing product, even assuming Baxter is the manufacturer, the court agrees with Baxter that

Plaintiff's claims are preempted by federal law. In a products liability action based on negligence, "the plaintiff must identify the manufacturer of the product . . . ." *Tragarz v. Keene Corp.* 980 F.2d 411, 418 (7th Cir. 1992). While no one who was present at the time of the injection recalls the manufacturer, including Nurse Wynn and Dr. Dijeng, in 2010 the charge code for Plaintiff's injection matches the NDC code for Baxter. (*See supra* ¶¶ 12-14). On the other hand, Mr. Pate cannot say with one hundred percent certainty that the charge code as it existed in 2010 is the same as the charge code for Baxter at the time of Plaintiff's treatment in 2007. (*See supra* ¶¶ 15-16). Accordingly, Plaintiff has raised a triable issue concerning Baxter's status as the manufacturer of the promethazine HCL injection administered to Plaintiff at St. Catherine on December 28, 2007.

     Unfortunately for Plaintiff, even if a trier of fact found that Baxter manufactured the injection given to Plaintiff, her claims are preempted by federal law. At the time this Motion for Summary Judgment was briefed, the United States Supreme Court had ruled in *Wyeth v. Levine* that state law claims against manufacturers of brand name drugs for failure to warn are not preempted by federal law. 555 U.S. 555, 129 S.Ct. 1187, 1200, 1204 (2009). The question of whether this holding extended to similar claims against manufacturers of generic drugs until recently remained unanswered. In June, the Supreme Court held in *PLIVA, Inc. v. Mensing* that its holding in *Wyeth* did not extend to manufacturers of generic drugs. 131 S.Ct. 2567, 2577-78 (2011). In other words, the Court found that state law claims against manufacturers of generic drugs for failure to

warn are preempted by federal law. *See id.* Accordingly, assuming Baxter manufactured the injection given to Plaintiff on December 28, 2007, Plaintiff's claims against Baxter are preempted.

## IV. Conclusion

For the reasons set forth above, Baxter's Motion for Summary Judgment (Docket # 36) is **GRANTED**.

**SO ORDERED** this 22nd day of September 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Erin A. Clancy
KIGHTLINGER & GRAY
eclancy@k-glaw.com

Donald Reid Forrest
dforrest@sfb-law.com

C. Meade Hartfield
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
mhartfield@bakerdonelson.com

Jennifer Marie Herrmann
KIGHTLINGER & GRAY
jherrmann@k-glaw.com

J. Todd Spurgeon
KIGHTLINGER & GRAY, LLP
tspurgeon@k-glaw.com

J. Carter Thompson Jr.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
cthompson@bakerdonelson.com


Copy to:

Michael J. McDaniel
420 E Main St
New Albany, IN 47150